419 A.2d 772

**Lawton B. LOGAN and Helen F. Logan, His Wife, Appellants,**

**v.**

**Chris GANS, K & G Speed Associates, Inc.**

**and**

**Commonwealth Land Title Insurance Company.**

Superior Court of Pennsylvania.

Argued Dec. 6, 1979.

Filed May 9, 1980.

Michael J. Pepe, Jr., Philadelphia, for appellants.

Fred B. Fromhold, Ardmore, for Commonwealth Land Title Insurance Company, appellee.

Before HESTER, MONTGOMERY and CIRILLO, JJ.*

MONTGOMERY, Judge:

This action in assumpsit was brought originally against Chris Gans and K & G Speed Associates, Inc., to recover for an alleged balance of the purchase price for land which the plaintiffs orally agreed to sell to the defendants. At the settlement of the transaction at the office of Commonwealth Land Title Insurance Company, the purchasers were $5,000.00 short of the purchase price, but the deal was completed nevertheless, and the deed[1] delivered on the purchaser's promise to pay the $5,000.00 balance in monthly

---

* Judge VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

1. It is not clear why K & G Speed Associates, Inc. is a party. Plaintiffs' complaint alleges the agreement was made by Christopher T. Gans on behalf of himself and Robert H. Keough and the deed named them grantees and not K & G Speed Associates, Inc. No brief has been filed by Gans and Keough or K & G Associates, Inc. since the issue in this appeal is related to the claim of plaintiff against Commonwealth Land Title Insurance Company, additional defendant.

installments of $400.00. After making one payment, defendants defaulted and this suit was brought to recover the balance of $4,600.00, plus interest.

An answer containing new matter and a counterclaim was filed by defendants, Christopher T. Gans and K & G Speed Associates, Inc., based on an allegation that the plaintiffs did not have title to 2,014 square feet of the land described in the aforesaid deed and claimed damages for breach of the warranty contained in the deed.

Plaintiffs filed an answer to the new matter and counterclaim, and in addition, as counterclaim defendants filed a complaint under Pa.R.C.P. 2252 against the Commonwealth Land Title Insurance Company claiming they were third party beneficiaries of the contract of title insurance which that company had issued to Chris Gans and Robert Keough, Jr. for the property conveyed to them by plaintiffs. Commonwealth then filed preliminary objections to the complaint in the nature of a demurrer contending that the complaint failed to state a cause of action against it. The lower court sustained the exceptions because (1) The contract being one of indemnity and not of guaranty, there could be no recovery in the absence of any proof of loss;[2] and (2) The plaintiffs were not third party beneficiaries of the policy of title insurance issued by Commonwealth. We agree with the second reason and will affirm the order.

"To be a third party beneficiary entitled to recover on a contract it is not enough that it be intended by *one* of the parties to the contract and the *third person* that the latter should be a beneficiary, but *both parties* to *the contract* must so intend and must indicate that intention in the contract; in other words, a promisor cannot be held liable to an alleged beneficiary of a contract unless the latter was within his contemplation at the time the contract was entered into and such liability was intentionally assumed by him in his undertaking; the obligation to the third party must be created, and must affirmatively appear, in

**2.** Since we are deciding this appeal for the second reason given by the lower court, we will not discuss the first reason.

the contract itself." [Emphasis in Original]. *Spires v. Hanover Fire Insurance Company*, 364 Pa. 52, 56–57, 70 A.2d 828, 830–31 (1950).

Appellants rely on Sect. 133 of the Restatement of Contracts to support their argument that they are donee beneficiaries. Section 133 follows:

"(1) Where performance of a promise in a contract will benefit a person other than the promisee, that person is . . . (a) a donee beneficiary if it appears from the terms of the promise in view of the accompanying circumstances that the purpose of the promisee in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither due nor supposed or asserted to be due from the promisee to the beneficiary . . . Comment: a. A single contract may consist of a number of promises. One or more of them may require performance to the promisee; others may require performance to persons not parties to the contract . . . d. A contract for the benefit of a third person usually provides that performance shall be rendered directly to the beneficiary, but this is not necessarily the case."

The policy in the present case was issued to Chris Gans and Robert Keough, Jr. to insure the estate or interest vested in them at the date of the policy by deed of Lawton B. Logan and Helen F. Logan, his wife.

Under conditions and Stipulations and Definition of Terms of the policy, it is stated that

"(a) insured: The insured named in Schedule A, and subject to any rights or defenses the company may have against the named insured. Those who succeed to the interest of such insured by operation of law as distinguished from purchase including, but not limited to, heirs, distributees, devisees, survivors, personal representatives, next of kin, or corporate or fiduciary successors."

A careful reading of this policy fails to disclose any indication that the plaintiff sellers were in any way within

the contemplation of the contracting parties as persons being insured or entitled to the benefits of the policy. We find nothing to impose on the insurer any obligation to the plaintiffs. Plaintiffs offer the argument that because they as sellers were compelled to clear any defects in the title to the property they were conveying to make it marketable before the buyers were compelled to accept a deed, that the insurer was serving both parties to the transaction, thus entitling them to the benefits of the insurance. They offer the case of *Ohio Insurance Company v. Bank Building & Equipment Corporation*, 300 F.Supp. 632 (W.D.Pa.1968) to support their argument. This is the same case cited by the lower court to support its contrary view. A review of that case shows clearly that the insurance company there undertook to represent both parties whereas in the present case it is equally clear Commonwealth Land Title Insurance Company represented only the buyers.

Furthermore, our study of plaintiffs' complaint against Commonwealth fails to disclose a claim based on the policy of insurance under consideration. Although they allege they were third party beneficiaries to said contract of insurance, this is a mere conclusion. The only other allegation connecting them with the contract is that

"5. The implication of said contract was that Additional Defendant would conduct a careful, accurate, correct, good and proper search of title to the real estate to plaintiffs any defect in title in time to avoid any loss."

However, it does not allege that the additional defendant agreed to insure plaintiffs against the possible loss referred to in that allegation, nor do we find any implications in the policy that it will do so.

In their brief, plaintiffs assert another base for their claim against the additional defendant. Viz

"II. Additional Defendant contracted on two occasions to search the title (its contracts as conveyancer) and plaintiffs relied on those searches to their detriment. These contracts to search are separate from the insurance contracts, may be separately sued on, are not indemnity contracts, and do not contain the policy exclusions."

We express no opinion on this point in as much as it was not briefed, argued or considered by the lower court.

However, in affirming the order of the lower court, we shall do so with leave to plaintiffs to amend their complaint so as to assert any claim they may have against the additional defendant based on any other contracts they may have with it other than the contract for the insurance hereinbefore discussed.

Order affirmed with leave to plaintiffs to amend their complaint against Commonwealth Land Title Insurance Company within the limitations indicated in this opinion.